**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| VICTOR JEWELL BLACK,       ) | |
|     ID # 1686499,                    ) | |
|         Petitioner,                ) | |
| vs.                                                 ) | No. 3:14-CV-341-L (BH) |
|                                      ) | |
| WILLIAM STEPHENS, Director,   ) | |
| Texas Department of Criminal      ) | |
| Justice, Correctional Institutions Division, ) | |
|         Respondent.                ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this prisoner habeas case has been referred for findings, conclusions and recommendation. Before the Court is the petitioner's *"Amended" Motion to Stay and Abeyance*, received on June 3, 2014 (doc. 33). Based on the relevant filings and applicable law, the motion should be **GRANTED**, and the habeas corpus petition should be **STAYED** so that the petitioner may exhaust his state court remedies.

**I. BACKGROUND**

Victor J. Black (Petitioner) is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). He filed his federal habeas petition on January 28, 2014, challenging his confinement pursuant to a conviction and sixty-year sentence for aggravated assault. (*See* doc. 3). On February 25, 2014, he filed *Petitioner's First Supplemental Petition* (doc. 10), in which he claims that he is innocent, that his trial attorney had a conflict of interest, and that he was racially biased. Petitioner asserts counsel told him that if he did not accept a plea bargain, "I'm going to mess you over," followed by a racial slur. In the ground phrased as a conflict of interest, he also asserts that trial counsel did not obtain medical records showing that the police took Petitioner to a hospital after the incident that was the basis for the

aggravated assault conviction, and that he suffered a concussion. Petitioner claims the alleged victim, his girlfriend, hit him in the head with a bottle and continued to attack him with the bottle. He defended himself with a piece of glass, and he never had a knife. Petitioner argues that counsel could have used the medical records to raise a claim of self-defense. He also maintains counsel did not have the knife tested for DNA or fingerprints, and that he did not object to testimony concerning the location of the knife when found by the police.

Petitioner filed a motion to stay, received on February 25, 2014, seeking to return to state court to exhaust his new grounds. (*See* doc. 9). The respondent was ordered to respond to the supplemental petition and motion to stay. (*See* doc. 11). The respondent filed an answer to the original § 2254 petition, but did not address the motion to stay or the supplemental grounds. (*See* doc. 21). In response to another order (doc. 26), the respondent filed a response addressing the new grounds and the motion to stay on May 14, 2014. (*See* doc. 27.) Petitioner then filed an amended motion for stay and abeyance, received on June 3, 2014. (*See* doc. 33.) The respondent was given an opportunity to file a response within twenty days (doc. 34), but did not do so. Petitioner filed another amended and proposed claim, received on June 24, 2014 (doc. 37), which clarifies that his new claim regarding counsel is also a claim of ineffective assistance. He filed an affidavit in support of his ineffective assistance of counsel claim that was received on July 1, 2014 (doc. 41).

Petitioner and the respondent agree, and the state habeas corpus records filed in this case show, that his new grounds of actual innocence and ineffective assistance of counsel, including the alleged conflict of interest and racial bias, have not been exhausted in state court.

## II. STAY AND ABATEMENT

Petitioners seeking habeas corpus relief under § 2254 are required to exhaust all claims in

state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 30; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). A Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a post-conviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2004); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

Where a federal petition for writ of habeas corpus contains unexhausted grounds for relief, federal courts have the discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In his response to the first motion to stay, the respondent argues that Petitioner has not shown good cause for his failure to previously raise his new claims in state court. Petitioner relies on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), to show good cause. In those cases, the Supreme Court found cause to excuse procedural default for failing to raise an ineffective assistance of trial counsel claim in a first state habeas corpus application when

3

the second state habeas corpus application is dismissed as successive. There is cause to excuse the procedural default of the state successive writ bar for an ineffective assistance of trial counsel claim if the petitioner represented himself in the state habeas corpus proceedings. *Martinez*, 132 S. Ct. at 1317-18. This Court has recognized that cause under *Martinez* may also be cause under *Rhines*. *See Sparks v. Stephens*, 2014 WL 113583 at *2-3 (N.D. Tex. Jan. 13, 2014).

Respondent contends Petitioner has not shown his claims are potentially meritorious. However, given the nature of Petitioner's claims of racial bias by trial counsel, including his assertion that trial counsel said he would "mess [him] over," that medical records and the testimony of the police officer that took him to the hospital would have supported a theory of self-defense, his claims are potentially meritorious and are not plainly meritless.

The respondent asserts Petitioner is engaging in dilatory tactics. The Supreme Court recognizes that most, but not all, prisoners would want speedy habeas corpus relief on their claims, specifically pointing out that capital petitioners might have reason to be dilatory. *Rhines*, 544 U.S. at 277-78. Here, Petitioner moved for a stay within one month of filing his federal petition. There is no indication that he is engaging in dilatory tactics.

As noted by the Supreme court in *Rhines,* when a district court allows for a stay, it should place reasonable time limits on the Petitioner's return to state court. *Id,* at 278 ("district courts should place reasonable limits on a petitioner's trip to state court and back"). Thus, this case should be stayed conditioned upon Petitioner's filing of an article 11.07 writ application with the Criminal District Court Number 7 of Dallas County, Texas, within 30 days of the filing of this order.

### III. RECOMMENDATION

Petitioner's amended motion for stay and abeyance (doc. 33) should be **GRANTED**, and the

federal habeas petition should be **STAYED**, pending Petitioner filing of any article 11.07 writ application with the Criminal District Court Number 7 of Dallas County, Texas, within 30 days of the filing of this order, and the Clerk of the Court should be directed to mark this action **CLOSED** for statistical purposes during the stay. Failure of Petitioner to timely seek relief in state court could result in the dismissal of this action without further notice under authority of Federal Rule of Civil Procedure 41(b). The Court should retain jurisdiction to reopen the case upon notice that Petitioner failed to comply with any deadline or upon a motion filed within thirty days after the Texas Court of Criminal Appeals's issuance of a final ruling on Petitioner's state habeas corpus application.

**SIGNED this 18th day of August, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE