IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICTOR JEWELL BLACK, ID # 1686499, )<br>  Petitioner, )<br>vs. )<br>  )<br>WILLIAM STEPHENS, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>  Respondent. ) | No. 3:14-CV-0341-L-BH<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order 3-251, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion for Default Judgment 55(a)*, received on August 19, 2014 (doc. 45). The petitioner seeks a default judgment because the respondent did not respond to his amended motion for stay and abeyance. Based on the relevant filings and applicable law, the motion should be **DENIED**.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. V. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" again an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141. A default judgment is a sanction, and noting that a sanction should be proportionate to the wrong, courts have held that default judgments are disfavored in habeas type cases. *See generally Bleitner v. Welborn,* 15 F.3d 652, 653 (7th Cir. 1994) (citing *Ruiz v. Cady,* 660 F.2d 337, 340 (7th Cir. 1981)("[T]here are several alternatives [to default judgment] the court might

have employed as a more appropriate sanction . . . [i]t could have disciplined counsel or instituted contempt proceedings . . ..") (subsequent history omitted)

Here, the petitioner complains of the respondent's failure to file a response to his amended motion for stay and abeyance, within thirty days of the Court's June 4, 2014 order. That order, however, provided that the respondent "may" file a response to such amended motion. The order did not require a response. Furthermore, the respondent's lack of response has not harmed him. By a findings, conclusions, and recommendation entered August 18, 2014, it has been recommended that this case be stayed.

For these reasons, the petitioner's August 19, 2014 motion for default judgment (doc. 45) should be **DENIED.**

**SO RECOMMENDED on this 20th day of August, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE