IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **VICTOR BLACK, #1686499,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:14-CV-341-L** |
| § | |
| **WILLIAM STEPHENS, Director**, § | |
| **Texas Department of Criminal Justice**, § | |
| **Correctional Institutions Division**, § | |
| § | |
| Respondent. § | |

# ORDER

This case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered three separate Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Reports") (Docs. 42, 44, and 46), recommending that the court: (1) deny Petitioner's Motion for Default Judgment 55(b)(1) Against Respondent (Doc. 25), filed May 6, 2014; (2) grant Petitioner's Amended Motion for Stay and Abeyance (Doc. 33), filed June 3, 2014; and (3) deny Petitioner's Motion for Default Judgment [for] Fail[ure] to Comply [with] Rule 55(a), Fail[ure] to Plead Defense [to] Amended Proposed Claim, [and] Motion for Stay and Abeyance Ground #42254 (Doc. 45), filed August 19, 2014. With respect to Petitioner's motion to stay, the magistrate judge recommends that this habeas case, brought pursuant to 28 U.S.C. § 2254, be stayed until Petitioner exhausts his state court remedies. No objections to the Report were filed.

After reviewing the motions, pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Motion for Default Judgment

Order – Page 1

55(b)(1) Against Respondent (Doc. 25); **denies** Petitioner's Motion for Default Judgment [for] Fail[ure] to Comply [with] Rule 55(a), Fail[ure] to Plead Defense [to] Amended Proposed Claim, [and] Motion for Stay and Abeyance Ground #42254 (Doc. 45); **grants** Petitioner's Amended Motion fro Stay and Abeyance (Doc. 33); and **stays** this case pending Petitioner's exhaustion of his state court remedies. Within **30 days** after exhausting his state court remedies, Petitioner **shall** file a motion to lift the stay. Petitioner's failure to exhaust his state court remedies or move timely to reopen this case will result in dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 41(b).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)**    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

    **It is so ordered** this 7th day of October, 2014.

                                                   Sam A. Lindsay
                                                  United States District Judge