IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICTOR JEWELL BLACK, ID # 1686499, )<br>      Petitioner, )<br>vs. )<br>   )<br>WILLIAM STEPHENS, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>      Respondent. ) | No. 3:14-CV-0341-L-BH<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court are the petitioner's fourth *Motion to Enter Default Judgment* (doc. 61), and *Motion to Sanction* (doc. 62), both received on July 2, 2015. The petitioner seeks a default judgment based on the respondent's failure to respond to an order dated January 6, 2015 (doc. 50). Based on the relevant filings and applicable law, both motions should be **DENIED**.

**I.  BACKGROUND**

Victor Jewell Black (Petitioner), an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 that was received on January 28, 2014. (doc. 3.) The respondent is William Stephens, Director of TDCJ-CID (Respondent). The next day, the petition was served on Respondent, and he was ordered to file an answer to the habeas petition within sixty days. (docs. 7, 8.) On February 25, 2015, the Court received Petitioner's supplemental petition and motion to stay pending exhaustion of additional claims. (docs. 9, 10.) On February 27, 2015, these documents were served on Respondent, and he was ordered to respond within thirty days. (doc. 11.) On April 1, 2014, Respondent moved for a thirty-day extension of the deadline to file a response. (doc. 12). On April 2, 2014, the motion was granted, and the response deadline was extended until April 30, 2014. (doc. 18.) On April 14, 2014, the Court received Petitioner's motion for default judgment based on

Respondent's failure to answer by April 2, 2014. (doc. 19.) Respondent did not respond to the motion to stay as ordered, but he did file an answer to the original petition on April 24, 2014. (doc. 21.) Petitioner's motion for default judgment was denied on April 28, 2014. (doc. 24.)

On May 6, 2014, Petitioner's second motion for default judgment based on Respondent's failure to respond to his motion to stay was received. (doc. 25.) Respondent filed a response to the second motion for default judgment, the motion to stay, and the supplemental petition on May 13, 2014. (doc. 27.) On June 3, 2014, the Court received Petitioner's amended motion for stay and abeyance. (doc. 33.) By order dated June 4, 2014, Respondent was allowed to file a response to the amended motion within thirty days. (doc. 34.) On June 24, 2014, Petitioner's amendment to the amended motion for stay and abeyance that included an additional proposed claim was received. (doc. 37.) On August 18, 2014, Petitioner's third motion for default judgment based on Respondent's failure to file a response to the amended motion for stay and abeyance was received. (doc. 45.) On October 7, 2014, Petitioner's second and third motions for default judgment were denied, and his motion to stay was granted. (doc. 48.)

On January 5, 2015, Petitioner moved to reopen the case and for an extension of time to file an amended complaint. (doc. 49.) The next day, the motion to reopen was granted, and because Petitioner's claims were set out in various supplemental filings, he was allowed thirty days to file an amended complaint that set forth all of his claims in one document. (doc. 50.) Respondent was ordered to file a response to the amended complaint with thirty days of its filing. (*Id.*) Petitioner's amended complaint was received and filed on January 29, 2015. (doc. 51.) Respondent failed to file a response as ordered, and Petitioner filed his fourth motion for default judgment as well as a motion for sanctions based on Respondent's alleged delay of this proceeding. (docs. 61, 62.)

## II. ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default

may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. V. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" again an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141. A default judgment is a sanction, and noting that a sanction should be proportionate to the wrong, courts have held that default judgments are disfavored in habeas type cases. *See generally Bleitner v. Welborn,* 15 F.3d 652, 653 (7th Cir. 1994) (citing *Ruiz v. Cady,* 660 F.2d 337, 340 (7th Cir. 1981)("[T]here are several alternatives [to default judgment] the court might have employed as a more appropriate sanction . . . [i]t could have disciplined counsel or instituted contempt proceedings . . ..") (subsequent history omitted).

Petitioner complains of Respondent's failure to file a response to his amended complaint within thirty days of its filing as ordered on January 6, 2015. Given that he has answered the original petition, the failure to timely file a response to the amended petition does not constitute a default as contemplated by Rule 55.

Moreover, " a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276). Because Respondent has appeared to defend this action, Petitioner's fourth motion for default judgment should be **DENIED**. The motion for sanctions should also be **DENIED** at this time, but given the two prior failures to comply with orders to respond to filings, Respondent should be admonished that any future failures to comply with orders in this case

may be grounds for sanctions.

### III.  RECOMMENDATION

The petitioner's motions should be **DENIED.**  Respondent should be admonished that any future failures to comply with orders in this case may be grounds for sanctions.

**SO RECOMMENDED on this 6th day of July, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE