IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICTOR JEWELL BLACK, ) | |
| ID # 1686499, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:14-CV-0341-L (BH) |
| ) | |
| WILLIAM STEPHENS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the *Interjection of New Discovered Evidence Not Obtained by Counsel Appointed That Was Available to Support Ground #1 Ineffective of Assistance Counsel*, received on September 30, 2016 (doc. 78). Based on the relevant findings and applicable law, the motion should be construed as a successive petition for writ of habeas corpus under 28 U.S.C. § 2254, opened as a new case, and **TRANSFERRED** to the court of appeals.

**I. BACKGROUND**

On January 28, 2014, Victor Jewell Black (Petitioner) filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2010 Dallas County conviction for aggravated assault with a deadly weapon causing serious bodily injury - family violence in Cause No. F09-62734, on grounds of the issuance of an *Allen* charge, insufficient evidence, and ineffective assistance of counsel. (Doc. 51.) On January 25, 2016, the Court entered judgment denying the habeas petition. (doc. 74.) Petitioner appealed, and his appeal is pending. *See Black v. Stephens*, No. 16-10159 (5th Cir.).

Petitioner now asks to present newly discovered medical records in support of his ground

of ineffective assistance of counsel and in support of his claim of innocence. (Doc. 78.)

## II. POST-JUDGMENT MOTION

Petitioner's filing seeks relief from the judgment in his habeas case.

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3). *See* FED. R. CIV. P. 60(c)(1).

In order to "prevail on a motion for reconsideration under Rule 60(b)(2), 'based on newly discovered evidence ... a movant must demonstrate: (1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.' " *Howard v. Mercedes–Benz USA, LLC*, No. H–10–3373, 2012 WL 5464963, at *2 (S.D. Tex. Nov. 8, 2012) (quoting *Hesling v. CSX Transp., Inc*., 396 F.3d 632, 639 (5th Cir.2005)).

Petitioner states he was diligent in obtaining the medical records, because he asked for help from inmates, and he or his family wrote to a non-profit organization. (*Id*.) He does not show when he obtained the medical records, the steps he took to obtain the records, and why he could not have obtained them earlier. He has not demonstrated that the medical records could not have been

obtained earlier with reasonable diligence. *See* Fed. R. Civ. P. 60(b)(2); *Howard*, 2012 WL 5464963, at *2. In addition, he does not explain how the medical records show that counsel was ineffective or that he is innocent. He has not demonstrated that the medical records are material and would have produced a different result if he had provided them earlier.

Moreover, in *Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005), the Supreme Court held that a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See also Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 60(b), however. *See Gonzalez*, 545 U.S. at 538 (holding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction" and noting that "[a] motion that ... challenges only the District Court's failure to reach the merits does not warrant such treatment"); *see also Chase v. Epps*, 74 F. App'x 339, 345 (5th Cir. 2003) (per curiam) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive . . . application") (citations omitted).

Here, Petitioner is asking for reconsideration of the denial of his ineffective assistance of counsel claim based on his medical records. Because his motion does not challenge a failure to reach the merits of his original habeas petition and instead attacks the previous resolution of the claim on its merits, it is properly construed as a successive petition for relief under 28 U.S.C. § 2254.

### III. SUCCESSIVE § 2254 PETITION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").

Under *Hardemon* and *Crone*, Petitioner was required to present all available claims in his original petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging his conviction.

Petitioner's motion is a successive petition within the meaning of 28 U.S.C. § 2244(b)

4

because it raises claims that could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive petition for habeas relief, this Court lacks jurisdiction.

### IV. RECOMMENDATION

Petitioner's *Interjection of New Discovered Evidence Not Obtained by Counsel Appointed That Was Available to Support Ground #1 Ineffective of Assistance Counsel* (doc. 78) should be **CONSTRUED** as a successive petition under 28 U.S.C. § 2254 and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motion in this habeas case; (2) open a new habeas

case for administrative purposes only; (3) file the post-judgment motion as a § 2254 petition filed September 30, 2016, in that new case; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation , and the judgment in that new case; and (6) and without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 6th day of October, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE