IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VICTOR JEWELL BLACK, #1686499,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-341-L** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| | § | |
| | § | |
| Respondent. | § | |

# ORDER

This habeas case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on October 6, 2016, recommending that Petitioner's Interjection of New Discovered Evidence (Doc. 78), filed September 30, 2016, be construed as a successive habeas petition and transferred to the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3). No objections to the Report were received as of the date of this order.

When a petition is deemed successive, the district court lacks subject matter jurisdiction unless a panel of the Fifth Circuit allows the successive petition to proceed. After reviewing the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court construes Petitioner's Interjection of New Discovered Evidence as a successive habeas petition, **directs** the clerk of the court to **transfer** the habeas petition (Doc. 78) to the Fifth Circuit for determination, and **dismisses without prejudice** this action for lack of subject matter jurisdiction.

**Order – Page 1**

**It is so ordered** this 31st day of October, 2016.

_____
Sam A. Lindsay
United States District Judge